NEW HAVEN WEB COMPANY, Respondent, *v.* FRANCIS J.
C. FERRIS, Appellant.

*Court of Appeals, June* 11, 1889.

1. *Judgment. Default.*—Where plaintiff's attorney accepted and treates
   one Adams as defendant's attorney without service of notice of ap-
   pearance, and, on subsequently receiving a notice of appearance for
   defendant from a firm, returned such notice and notified them that
   Adams had already appeared, whereupon they, on consent of Adams,
   had themselves substituted in place of Adams as defendant's attorney,
   but neglected to make any further demand for a copy of the com-
   plaint, plaintiff's attorney had a right to treat the defendant as in
   default at the expiration of twenty days, and enter judgment.
2. *Same. Discretionary.*—Whether the judgment should be vacated and
   the default opened, rested in the discretion of the court below, and the
   court of appeals has no jurisdiction to review the exercise of such
   discretion.

Appeal from an order of the general term of New York
common pleas, affirming an order granting a motion to
vacate a judgment taken by default, on condition that
defendant gave an undertaking with sureties to pay any
judgment recovered, and in case of his failure to do so, then
denying the motion.

This action was commenced on the 29th day of May, 1888,
by the service of a summons on the defendant, and on the
same day an order of arrest was issued in the action against
him, by virtue whereof he was taken into custody by the
sheriff. On the 31st day of May, plaintiff's attorney was
requested to call at the office of John J. Adams, an attorney-
at-law, and in pursuance of such request, he went there and
met the defendant in the custody of the sheriff. He was
there informed by the defendant that Adams was his attor-
ney in the action, and after considerable consultation, it was

arranged that the defendant should be released upon the execution by Adams of the following instrument:

" Whereas, an order of arrest was issued in this action, on May 29, 1888, under which the defendant was arrested; and,

" Whereas, it is desired that the sheriff accept the defendant's undertaking, so that he be released from arrest;

" Now, in consideration therefor, I hereby agree that the defendant shall be produced when required; he will render himself amenable to any mandate which may be issued to enforce final judgment against him in the action.

"JNO. J. ADAMS,

" *Atty. for Defendant Ferris.*"

Which instrument was then delivered to plaintiff's attorney. On the 15th day of June, plaintiff's attorney received a formal notice of appearance, and a demand for a copy of the complaint from —————— & —————, signing themselves as attorneys for the defendant, which notice he immediately returned, assigning for his reason that the defendant had already appeared by Adams, as his attorney. Thereafter, Adams, as attorney for the defendant, consented that —————— & —————— should be substituted as attorneys in his place, and accordingly, on the 18th day of June, a formal order was entered in the clerk's office substituting them as his attorneys in the place of Adams, and a copy of that order was, on the same day, served upon plaintiff's attorney.

Subsequent thereto no demand of the complaint was made upon plaintiff's attorney. Thereafter, plaintiff's attorney entered judgment by default against the defendant.

*Andrew Gilhooley*, for appellant.

*Franklin Blen*, for respondent.

EARL, J.—The claim of the defendant is that there was no appearance on his part by Adams as required by section 421 of the Code, and that, therefore, his appearance by ————— & ————— was sufficient, and he was not in default. Adams was in fact defendant's attorney in the action. He signed the undertaking as such attorney. Plaintiff's attorney accepted and treated him as such, and when he received notice of appearance from ————— & ————— he notified them that Adams had already appeared in the action, and they acquiesced in that position taken by him by making no protest or objection thereto, and by retaining their returned notice of appearance. They then procured the consent of Adams to their substitution, and had themselves, by a formal order, substituted, and thereafter made no further demand for a copy of the complaint.

Even if Adams' appearance was not regular and did not bind the defendant as a general appearance in the action, yet we think the conduct of his attorneys was such as to waive their first appearance and their demand of complaint; and after their substitution, in order to entitle themselves to a copy of the complaint, they should have renewed their demand. Hence we think the plaintiff's attorney had the right to treat the defendant as in default, and the judgment was regularly entered.

Whether the judgment should be vacated and the default opened, therefore, rested in the discretion of the supreme court, and we have no jurisdiction to review the exercise of that discretion.

The appeal should, therefore, be dismissed, with costs.

All concur, except RUGER, Ch. J., absent.